REICKER, PFAU, PYLE & McROY LLP
Timothy J. Trager, SBN 1454196
1421 State Street, Suite B
Post Office Box 1470
Santa Barbara, CA 93102
Tel (805) 966-2440
Fax (805) 966-3320

Attorneys for Defendant Mark Shaw

**FILED**
**DEC 21 2018**
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:               Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>CHANNEL TECHNOLOGIES GROUP, LLC,<br><br>Debtor.<br>_____<br><br>CORPORATE RECOVERY ASSOCIATES, LLC, as Trustee for the Liquidating Trust of Channel Technologies Group, LLC<br><br>Plaintiff,<br><br>v.<br><br>Kevin Ruelas, Pierre Chao, John Mei, Lynn Chen, Christopher Holmes, Mark Shaw, Charles Miller, David Oldham, and DOES 1-10,<br><br>Defendants. | BK No. 9:16-bk-11912-DS<br><br>Chapter 11<br><br>Adv. No. 9:18-ap-01070-DS<br><br>**LEGAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE CLAIM ON WHICH RELIEF CAN BE GRANTED**<br><br>Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b)<br><br>Filed concurrently: Notice of Motion and Motion to Dismiss; Request for Judicial Notice and Exhibits<br><br>Date:  January 16, 2019<br>Time:  10:30 a.m.<br>Courtroom:  201 |

**ORIGINAL**

DEFENDANT MARK SHAW'S LEGAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
(Fed.R.Civ.P. 12(b)(6))

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. STANDARD FOR RULING ON 12(B)(6) MOTION.........................................3

III. THE COMPLAINT'S REFERENCES TO SHAW ............................................4

IV. JUDICIALLY NOTICEABLE DOCUMENTS SHOW THAT SHAW WAS NOT A MANAGER OR AN INSIDER OF CTG, AND THUS DID NOT OWE ANY DUTY TO CTG. ........................................6

    A. Shaw Was Not A Manager Of CTG. Thus, He Had No Authority Over How CTG's Business Was Run...........................................6

    B. This Court Has Already Found That Shaw Was Not An "Insider" Of CTG. Thus, Even Though He Was Not A Named "Manager" Of The LLC, He Still Could Not Have Asserted Managerial Authority Over CTG, And Therefore Had No Duty – Fiduciary Or Otherwise – To "Manage" CTG In A Certain Way........................9

V. CONCLUSION....................................................................................................12

i

DEFENDANT MARK SHAW'S LEGAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
(Fed.R.Civ.P. 12(b)(6))

# TABLE OF AUTHORITIES

**Federal Cases**

*Ashcroft v. Iqbal*
    556 U.S. 662, 679 (2009)..................................................................................4

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544, 570 (2007)..................................................................................4

*Ileto v. Glock, Inc.*
    349 F.3d 1191, 1199–1200 (9th Cir. 2003).......................................................3

*In re CEP Holdings, LLC*
    2006 WL 3422665 (Bankr. N.D. Ohio 2006).....................................................9

*In re The Village at Lakeridge, LLC*
    814 F.3d 993 (9th Cir. 2016).............................................................................9

*Oxford Asset Mgmt. v. Jaharis*
    297 F.3d 1182, 1188 (11th Cir. 2002)...............................................................4

*Sahagun-Pelayo v. U.S.*
    602 Fed.Appx. 822, 826 (Fed.Cir. 2015).........................................................4

*Shane v. Florida Bottling, Inc.*
    2017 WL 8240786 at *3 (C.D. Cal. 2017)........................................................4

*Shwarz v. United States*
    234 F.3d 428, 435 (9th Cir. 2000).....................................................................3

*Slaieh v. Simons*
    584 B.R. 28, 41 (C.D. Cal. 2018)......................................................................3

*Sliders Trading Co., L.L.C. v. Wells Fargo Bank NA,*
    2017 WL 6539843, *8........................................................................................3

*Tockstein v. Spoeneman*
    2008 WL 1805372, *3 (E.D. Mo. 2008)..........................................................4

*Thompson v. Willis*
    2015 WL 3676139, *18 (N.D. Ala. 2015)........................................................4

*Tinoco v. San Diego Gas & Elec. Co.,*
    ___ F.R.D. ___, 2018 WL 4252539, *6 (S.D. Cal. 2018)................................3

*United States v. Ritchie*
    342 F.3d 903, 908 (9th Cir. 2003)....................................................................3

**State Cases**

*White v. Ultramar, Inc.*
    21 Cal.4th 563, 566-67 ...........................................................................................2

**Federal Statutes**

Fed. R. Civ. Proc. § 12(b)(6).........................................................................................3

11 U.S.C. § 101(31) ............................................................................................ 9, 10, 11

**State Statutes**

Cal. Corp. Code, § 17701.02.........................................................................................1

Cal. Corp. Code, former § 17001(w) (repealed)..........................................................1

Cal. Corp. Code, § 17704.07(c) .............................................................................. 1, 2, 8

Cal. Corp. Code, former § 17157(b) ..................................................................... 2, 8, 9

Cal. Corp. Code §17704.09...........................................................................................2

**Secondary Authorities**

Olson, Cal. Business Law Deskbook, § 3:22 (Dec. 2018) ...........................................2

# MEMORANDUM OF POINTS AND AUTHORITIES
# IN SUPPORT OF MOTION TO DISMISS

## I. INTRODUCTION.

Plaintiff sued moving defendant Mark Shaw and others alleging two causes of action – breach of fiduciary duty and negligence – based on defendants' alleged mismanagement of debtor Channel Technologies Group, LLC ("CTG"). Plaintiff, the trustee for the liquidating trust of CTG, filed the action in state court.[1] Defendants Miller, Chao, and Mei removed it to this Court, where the bankruptcy proceeding *In re Channel Technologies Group, LLC*, no. 9:16-bk-11912-DS ("CTG Bankruptcy"), is pending. Plaintiff filed a motion to remand or abstain on December 14, 2018. (Doc. 13.)

The validity of both the fiduciary duty and the negligence causes of action against Shaw depends entirely on whether Shaw was a statutory "Manager" of CTG, as that term is defined under California's Revised Uniform Limited Liability Company Act, which became effective on January 1, 2014 (Cal. Corp. Code § 17701.02(n))[2] or under California's previous limited liability company law, the Beverly-Killea Act (Cal. Corp. Code § 17001(w) (repealed).)[3] According to the allegations of the Complaint, Shaw owed duties to CTG *because* he was a statutory Manager of the LLC. But facts that this Court may judicially notice – including statements in pleadings filed by CTG and an order entered by this Court in CTG's

---

[1] Superior Court of the State of California, County of Santa Barbara, case no. 18CV05060.
[2] "'Manager' means a person that under the operating agreement of a manager-managed limited liability company is responsible, alone or in concert with others, for performing the management functions stated in subdivision (c) of Section 17704.07." (Cal. Corp. Code § 17701.02(n).)
[3] "'Manager' means a person elected by the members of a limited liability company to manage the limited liability company if the articles of organization contain the statement referred to in subdivision (b) of Section 17151 or, if the articles of organization do not contain that statement, "manager" means each of the members of the limited liability company. (Cal. Corp. Code § App. § 17001(w)(repealed).)

1

---

Bankruptcy – affirmatively show that Shaw was *never* a Manager of CTG and, thus, did not have any of the duties to CTG that plaintiff alleges he had.

Shaw anticipates that plaintiff will oppose this motion (or allege in an amended complaint) that he was a "manager" of CTG because he performed certain "managerial" tasks as an employee at CTG and/or was the "manager" of CTG's engineering department. Consequently, it is important to keep in mind the distinction between a statutory LLC "Manager" and someone in a company who performs "managerial" tasks. As plaintiff acknowledges in paragraph 16 of the Complaint, a statutory "Manager" of an LLC – which is what plaintiff alleges Shaw was – is "vested with full, exclusive, and complete discretion to manage and control the affairs of an LLC." This allegation comports with the definition of "Manager" under both California's new and old LLC law, as set forth in footnotes 2 and 3, above, and with a statutory Manager's authority as described in Corp. Code, § 17704.07(c)(1) and in § 17157(b) of the former act. That authority is discussed below. The distinction is quite clear. A statutory LLC "Manager" runs the LLC, whether alone or with other statutory "managers." That is vastly different from, say, the "manager" of the shoe department at the local Target. That person may perform certain "managerial" tasks – e.g., scheduling, directing employees to do specific jobs in the department, etc. – but he or she is in no way a "Manager" of an LLC as that term is defined under California law. He or she does not have "full, exclusive, and complete discretion to manage and control the affairs of" Target. This distinction is implicit in Corporations Code section 17704.09, which limits the fiduciary duties members of a manager-managed LLC have.[4] "[M]embers' managerial roles are far more limited amid manager-managed LLCs." Olson, Cal. Business Law Deskbook, § 3:22 (Dec. 2018), citing section 17704.09. *See also White v. Ultramar, Inc.*, 21 Cal.4th 563, 566-67 (employee who

---

[4] Mr. Shaw was not a member of CTG. CTG had one member, BW Piezo (see Complaint, paragraph 15). _____.

has supervisory authority over other employees is not "managing agent" of corporation for purposes of California's punitive-damage statute unless he or she "exercise[s] substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy").

An essential element of a cause of action for breach of fiduciary duty and a cause of action for negligence is the existence of a duty that defendant owes plaintiff. *Slaieh v. Simons*, 584 B.R. 28, 41 (C.D. Cal. 2018) (breach of fiduciary duty); *Tinoco v. San Diego Gas & Elec. Co.*, ___ F.R.D. ___, 2018 WL 4252539, *6 (S.D. Cal. 2018) (negligence)  No duty, no tort.

"The existence of a duty is a question of law and thus is often suited to a Rule 12(b)(6) disposition." *Sliders Trading Co., L.L.C. v. Wells Fargo Bank NA*, 2017 WL 6539843, *8 (citation omitted). Hence, this motion.

## II.    STANDARD FOR RULING ON 12(B)(6) MOTION.

A motion to dismiss under Rule 12(b)(6)
> tests the legal sufficiency of the claims asserted in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir. 2003). In reviewing a motion to dismiss under Rule 12(b)(6), a court may consider the complaint, documents attached to the complaint, documents incorporated by reference in the complaint, and matters of judicial notice. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted). A court accepts the plaintiff's factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000) (citation omitted). ...

> ... "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To plead sufficiently, a plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

*Shane v. Florida Bottling, Inc.*, 2017 WL 8240786 at *3 (C.D. Cal. 2017).

## III. THE COMPLAINT'S REFERENCES TO SHAW.

The Complaint mentions Shaw in the following paragraphs:

- **Paragraph 9** identifies Shaw as a defendant.

- **Paragraph 16** states, in part: "During the relevant time alleged herein," Shaw and the other defendants "served as managers of CTG."

- **Paragraph 25**, in the first bulleted subparagraph, alleges that Shaw was a part of CTG's "management" in January 2016. The remainder of paragraph 25 alleges examples of how CTG's management "strung along" the company's creditors in January and February 2016.

- **Paragraph 26** alleges that CTG's "precarious financial condition," which apparently caused the company to "string along" its creditors, was "apparently due to a variety of factors," which are then set out, with references to allegedly supporting e-mails, not one of which was to or from Shaw.

- **Paragraph 27** alleges that Shaw was part of CTG's "management" in March 2016.

- **Paragraph 31**, in the cause of action for breach of fiduciary duty, alleges that Shaw was a "manager" of CTG, and therefore owed CTG fiduciary duties.
- **Paragraph 32** alleges that Shaw and the other defendants breached their fiduciary duties, set out in paragraph 31, in various ways.
- **Paragraph 35**, in the cause of action for negligence, alleges that Shaw owed duties to CTG as a "manager, officer, director, or controller" of the company.
- **Paragraph 36** alleges that Shaw and the other defendants breached the duties alleged in paragraph 35 in various ways.

The Complaint merely alleges the legal conclusion that Shaw was a "manager" or part of the "management" of CTG. It does not allege any facts to support that conclusion. *See Sahagun-Pelayo v. U.S.*, 602 Fed.Appx. 822, 826 (Fed.Cir. 2015) ("bare statement" that defendant had "actual authority" was "mere legal conclusion which would not be entitled to the favorable inferences of a factual allegation"); *Thompson v. Willis*, 2015 WL 3676139, *18 (N.D. Ala. 2015) (absent supporting factual allegations, court not required to accept truth of "speculative legal conclusion" that defendant was "policy maker"); *Tockstein v. Spoeneman*, 2008 WL 1805372, *3 (E.D. Mo. 2008) (allegation that plaintiff "had authority to act on behalf of" third person was "merely a legal conclusion unsupported by factual allegations).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679; *see also Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)

("conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal").

That alone is sufficient for the Court to grant Shaw's motion. But there is more.

## IV. JUDICIALLY NOTICEABLE DOCUMENTS SHOW THAT SHAW WAS NOT A MANAGER OR AN INSIDER OF CTG, AND THUS DID NOT OWE ANY DUTY TO CTG.

### A. Shaw Was Not A Manager Of CTG. Thus, He Had No Authority Over How CTG's Business Was Run.

Documents filed with the California Secretary of State, in CTG's Bankruptcy, and the allegations in Plaintiff's complaint show that persons other than Shaw were managers of CTG at all times from its formation to the filing of its Bankruptcy on October 14, 2016:

- **CTG's Articles of Organization**, filed December 28, 2011, evidence the conversion of Channel Technologies Group, Inc., to Channel Technologies Group, LLC. These state that CTG will be managed by "more than one manager." Section 3.1 of CTG's Articles of Organization states, "The responsibility for managing the business and affairs of the Company shall be delegated to two Managers, who, effective as of the date of this Agreement, shall be Kevin Ruelas and Pierre Chao...." (*Request for Judicial Notice* ("*RJN*") Ex. 1, pg. 4; and Exhibit 1 to Plaintiff's complaint).

- Paragraph 16 of the Complaint alleges CTG's Operating Agreement named Mr. Ruelas and Mr. Chao as CTG's managers.

- Paragraph 18 of the Complaint asserts Mr. Ruelas was "replaced as a manager and officer with Ralph L. Phillips" in June of 2013.

- CTG's **Statement of Information**, filed December 1, 2014 identifies Ralph Phillips as CTG's Chief Executive Officer, and Phillips and John Mei as its managers. *RJN*, Ex. 2, pg. 6.
- A **Certificate of Merger**, filed December 28, 2015, evidencing the merger of Materials Systems, LLC, into CTG, identifies Ralph Phillips and Lynn Chen as the managers of both entities. *RJN*, Ex. 3, pg. 8.
- CTG's **Statement of Information**, filed February 16, 2016, identifies Ralph Phillips as CTG's Chief Executive Officer, and Phillips and Lynn Chen as the LLC's managers. *RJN*, Ex. 4, pg. 10.
- CTG's **Second Status Report**, filed April 4, 2017 in CTG's Bankruptcy (*RJN*, Ex. 7, pg.,147) contains a summary of changes to CTG's "management team" from early 2016 through September of 2016. That report states:

> During 2016, CTG undertook significant changes to its management team. Among other changes, in January 2016, Christopher Holmes ("Holmes") was named CTG's Chief Executive Officer (succeeding Ralph Phillips); in February 2016, David Oldham, a consultant of BWP, was appointed acting Chief Financial Officer, and Arsen Melconian was promoted to Chief Technology Officer; in April 2016, William Cidzik was appointed Vice President - Program Management; and in May 2016, Art Krokus was named Vice President - Operations. On or about September 23, 2016, Holmes ceased employment with CTG, and CTG has not appointed a new CEO. As of or about September 20, 2016, CTG retained CR3 Partners, LLC ("CR3") as its restructuring advisor; pursuant to the parties' engagement agreement, as of the Petition Date, and David Tiffany has been serving as the Debtor's Chief Restructuring Officer.

In short, the various documents filed with the California Secretary of State, the "who's who" description of CTG's management team contained in the Second Status Report, and the allegations in the complaint cover the entire history of CTG's existence from formation in 2011 to the filing of its bankruptcy proceeding in October 2016. That history illuminates brilliantly that Shaw was never a manager of CTG nor part of CTG's "management team." Those documents refute the unsupported allegations in the Complaint that Shaw was a Manager of the LLC.

Shaw's non-Manager status is important because, as plaintiff itself acknowledges in the Complaint, "Managers" of an LLC are "vested with *full, exclusive, and complete discretion* to manage and control the affairs of an LLC." *Complaint*, ¶ 16 (italics added). That is a correct statement under both the old and current versions of California's LLC law. (Thus, for purposes of this motion, it is not necessary to determine whether the "old" or the "new" law applies; both are the same.)

California Corporations Code § 17704.07(c)(1), California's current LLC law, states, "In a manager-managed limited liability company, the following rules apply: Except as otherwise expressly provided in this title, any matter relating to the activities of the limited liability company is decided exclusively by the managers."[5]

Section 17157(b)(2) of California's former LLC law stated that if an LLC's articles of organization provided that the LLC would be managed by managers (as opposed to members), "[e]very manager is an agent of the limited liability company for the purpose of its business or affairs, and the act of any manager ... binds the limited liability company ...." Further, "[n]o member, acting solely in the capacity of a member, is an agent of the limited liability company nor can any

---

[5] CTG was "manager-managed." (CTG's Articles of Organization, *RJN*, Ex. 1.)

8

member bind, nor execute any instrument on behalf of, the limited liability company." Corp. Code, former § 17157(b)(1). Thus, under California's old LLC law, in a manager-managed LLC, the managers have exclusive authority to act on behalf of the LLC.

In sum, when an LLC is manager-managed, as CTG was, the managers have full and exclusive authority to run the business. If you were not a statutory Manager, you had no authority over how CTG would be run, and thus no duty to "manage" CTG in a certain way. Shaw was not a statutory manager. He did not have any of the duties ascribed to him by the Complaint.

**B.   This Court Has Already Found That Shaw Was Not An "Insider" Of CTG. Thus, Even Though He Was Not A Named "Manager" Of The LLC, He Still Could Not Have Asserted Managerial Authority Over CTG, And Therefore Had No Duty – Fiduciary Or Otherwise – To "Manage" CTG In A Certain Way.**

If Shaw had been a "manager" of CTG, he would have had "full, exclusive, and complete discretion to manage and control the affairs of CTG." *Complaint,* ¶ 16. In other words, he would have been an "insider" under section 101(31) of the Bankruptcy Code. Although section 101(31) does not explicitly define "managers" and others in positions of management responsibility with an LLC as "insiders," the court in *In re CEP Holdings, LLC,* 2006 WL 3422665 (Bankr. N.D. Ohio 2006) concluded that the statutory definition of officers of a corporation as corporate insiders should be applied to determine insider status for an LLC. *Id.* at *1, n.1. But the court also said that the title bestowed on a potential insider would not be determinative; *the appropriate test was the actual position and responsibility of the insider*.

Similarly, the Ninth Circuit, in *In re The Village at Lakeridge, LLC*, 814 F.3d 993 (9th Cir. 2016), said:

9

DEFENDANT MARK SHAW'S LEGAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
(Fed.R.Civ.P. 12(b)(6))

> An insider is one who has a sufficiently close relationship with the debtor that his conduct is made subject to closer scrutiny than those dealing at arms [sic] length with the debtor. We recognize two types of insiders: statutory insiders and non-statutory insiders. Statutory insiders, also known as "per se insiders," are persons explicitly described in 11 U.S.C. § 101(31), *such as "person[s] in control of the debtor."* As a matter of law, a statutory insider has a sufficiently close relationship with a debtor to warrant special treatment. ...
>
> A non-statutory insider is a person who is not explicitly listed in § 101(31), but who has a sufficiently close relationship with the debtor to fall within the definition.

*Id.* at 999 (italics added, citations and internal quotation marks omitted, "[sic]" in original).

*This Court has already found that Shaw is not an "insider"* for purposes of section 101(31).

On March 1, 2017, CTG filed a motion in its bankruptcy to sell certain assets of its Sonatech division to Sonatech, LLC, a new entity formed by a few employees of CTG (including Shaw), for the specific purpose of buying those assets. *In re Channel Technologies Group, LLC*, Doc. 211. *RJN, Ex. 5, pg. 12*. In arguing for approval of the sale, CTG represented to the Court that Sonatech, LLC, was owned by "non-insider" employees of CTG – i.e., CTG represented to this Court that Shaw was not a CTG "insider." *Id.*, p. 2, ll. 7-8; p. 5, ll. 20-21; The motion was supported by a declaration from David Tiffany, CTG's Chief Restructuring Officer, who stated under oath that Sonatech, LLC, "is owned by certain non-insider employees of" CTG. *Id.*, p. 9, ll. 26-27.

This Court granted CTG's motion and entered an order on March 22, 2017, authorizing CTG to sell the assets to Sonatech, LLC. In that order Judge Carroll affirmatively found that Sonatech, LLC, was "not an 'insider' of [CTG] ... as that term is defined in section 101 of the Bankruptcy Code." *In re Channel Technologies Group, LLC*, Doc. 230, p. 3, ll. 13-14. *RJN, Ex. 6, pg. 134*. The order also stated that "where appropriate herein, findings of fact shall be deemed conclusions of law and conclusions of law shall be deemed findings of fact." *Id.*, p. 5, ll. 4-5. *The order further provided that its terms and provisions are binding on any trustee appointed in the case. Id., p. 5, ll. 6-9; p. 7, l. 21 – p. 8, l. 4.*

Judge Carroll did not just pull his findings out of thin air. He made those findings after considering Shaw's actual position and responsibilities within CTG, which led to the inevitable conclusion that Shaw was not a person in control of the LLC, and thus, not an "insider" and thus, not a "manger" of CTG.

After the order allowing the assets to be sold was entered, CTG confirmed the sale was to non-insider employees – i.e., including Shaw – in its Second Status Report, filed on April 4, 2017: "The Debtor determined to sell certain equipment ... to Sonatech, LLC ("Sonatech"). *Sonatech represents certain non-insider employees* that have requisite security clearance to work on classified projects." *CTG's Second Status Report*, Doc. 251, p. 10, ll. 16-19. (italics added). *RJN, Ex. 7, pg. 144*.

Sonatech, LLC, was not an "insider" because it was owned by "non-insider" employees of CTG. Therefore, Shaw, one of those owners, was not an insider of CTG. Because he was not an insider, he could not have had "full, exclusive, and complete discretion to manage and control the affairs of CTG" – i.e., he could not have been a "Manager" for purposes of California's LLC law (old or new).

Because Shaw was not an "insider" or a "Manager" of CTG, he was not its fiduciary. He did not owe CTG any fiduciary or general duties of care which could

11

DEFENDANT MARK SHAW'S LEGAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
(Fed.R.Civ.P. 12(b)(6))

be breached. This conclusion is binding on plaintiff under the unambiguous language of this Court's March 22, 2017 order.

## V. CONCLUSION.

The Complaint's causes of action against Shaw rest on a flawed premise – that Shaw was a statutory Manager of CTG. He was not. Even if plaintiff had alleged facts to support the legal conclusion that Shaw was a Manager, those factual allegations are quickly refuted by documents that the Court may judicially notice. If Shaw was not a Manager of CTG, he owed the LLC none of the duties alleged by the Complaint. As stated above, no duty, no tort. The Court should grant Shaw's motion and dismiss the Complaint.

DATED: December 21, 2018            REICKER, PFAU, PYLE & MCROY LLP

                                    /s/ Timothy J. Trager
                                    Timothy J. Trager
                                    Attorneys for Defendant Mark Shaw

12

DEFENDANT MARK SHAW'S LEGAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
(Fed.R.Civ.P. 12(b)(6))

*Corporate Recovery Associate, LLC v. Kevin Ruelas, et al.*
Adversary Case No. 9:18-ap-11912-DS

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1421 State Street, Ste. B, Santa Barbara, CA 93101

A true and correct copy of the foregoing document entitled (*specify*): **DEFENDANT MARK SHAW'S LEGAL MEMORANDUM IN SUPPORT OF MOTION TO FOR FAILURE TO STATE CLAIM ON WHICH RELIEF CAN BE GRANTED**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On ___December___, 2018___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **December 21, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **December 21, 2018**, served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via Overnight Mail:
The Honorable Deborah Saltzman
U.S. Bankruptcy Court
Roybal Federal Building, Ste. 1634
255 E. Temple Street
Los Angeles, CA 90012     ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 21, 2018 | Kim Stanley | *[signature]* Kim Stanley |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 **F 9013-3.1.PROOF.SERVICE**

*Corporate Recovery Associate, LLC v. Kevin Ruelas, et al.*
Adversary Case No. 9:18-ap-11912-DS

## SERVICE BY MAIL

Edward Jason Dennis
jdennis@lynnllp.com
Samuel B. Hardy
shardy@lynnllp.com
Christian A. Orozco
corozco@lynnllp.com
LYNN PINKER COX & HURST, LLP
2100 Ross Avenue, Ste. 2700
Dallas, TX 75201
*Attorneys for Plaintiff Channel Technologies Group, LLC*

Howard J. Steinberg
Greenberg Traurig, LLP
1840 Century Park East, Ste. 1900
Los Angeles, CA 90067
steinbergh@gtlaw.com
*Attorney for Defendants Charles Miller, Pierre Chao, John Mei and David Oldham*

Joseph M. Sholder
8 E. Figueroa Street, Ste. 300
Santa Barbara, CA 9301
sholder@g-tlaw.com
*Attorneys for Plaintiff Channel Technologies Group, LLC*

Brian Fitipaldi
U.S. Dept. of Justice/ Office of the U.S. Trustee
1415 State Street, Ste. 148
Santa Barbara, CA 93101-2511
brian.fittipaldi@usdoj.gov

Office of the United States Trustee (ND)
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017
ustpregion16.nd.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE